RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 8/29/06
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT W. TOLBERT,<br>Appellant | CIVIL ACTION<br>NO. CV05-1976-A |
| VERSUS | |
| JO ANNE B. BARNHART,<br>COMMISSIONER OF SOCIAL SECURITY<br>Appellee | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is an appeal filed by Robert W. Tolbert ("Tolbert") from the final decision of the Commissioner of Social Security, denying Tolbert's claim for social security benefits because his disability insured status had expired. On appeal, Tolbert asks this court to reverse the Commissioner's final decision. The Commissioner then filed a motion for a fourth sentence remand in order to give additional consideration to the question of whether Tolbert is entitled to any additional period of disability (Doc. Item 8).

In Shalala v. Shaefer, 509 U.S. 292, 296-7, 113 S.Ct. 2625, 2629, 125 L.Ed.2d 239 (1993), the Supreme Court stated the exclusive methods by which district courts may remand to the Commissioner are set forth in sentence four and sentence six of 42 U.S.C. § 405(g), as follows:

> "[4] The district court shall have the power to enter, upon the pleadings and transcript of the record, a

judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing."

"[6] The court may, on motion of the Commissioner made for good cause shown before he files his answer, remand the case to the Commissioner for further action by the Commissioner, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based."

Immediate entry of judgment (as opposed to entry of judgment after post-remand agency proceedings have been completed and their results filed with the court) is the principal feature that distinguishes a sentence-four remand from a sentence-six remand. Shaefer, 509 U.S. at 297, 113 S.Ct. at 2629. Also, Istre v. Apfel, 208 F.3d 517 (5th Cir. 2000). A sentence six remand may be ordered in only two situations: where the Commissioner, for good cause shown, requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency. Shaefer, 509 U.S. at 297, 113 S.Ct. at 2629, citing Melkonyan v. Sullivan, 501 U.S. 89, 99-100, 111 S.Ct. 2157, 2163-64 (1991).

The Commissioner has moved for a fourth sentence remand in this case for additional consideration of whether Tolbert is entitled to any additional period of disability which may change

his disability insured status. Therefore, a fourth sentence remand should be granted in this case.[1]

In order to effect a fourth sentence remand, the court must enter a final, appealable judgment which affirms, modifies or reverses the final decision of the Commissioner. See Istre, 208 F.3d at 521 (sentence four does not provide a "catch-all" provision for district court remands). Accordingly, Tolbert's appeal should be granted and the final decision of the Commissioner should be reversed because it is not based on substantial evidence and is not a correct application of the relevant legal standards. The Commissioner's motion for a fourth sentence remand should be granted and the case remanded to the Commissioner for further proceedings, including additional consideration of whether Tolbert is entitled to any additional period of disability.

## Conclusion

Based on the foregoing discussion IT IS RECOMMENDED that Tolbert's appeal be GRANTED and the final decision of the Commissioner REVERSED because it is not based on substantial evidence and is not a correct application of the relevant legal standards.

IT IS FURTHER RECOMMENDED that the Commissioner's motion for

---

[1] The Commissioner states in her brief that Tolbert's attorney called and indicated he intended to discuss the remand issue with the Office of General Counsel, but never did so; Tolbert had not filed an objection to the motion to remand.

remand be GRANTED pursuant to the fourth sentence of 42 U.S.C. § 405(g) and the case REMANDED to the Commissioner for further proceedings, including additional consideration of whether Tolbert is entitled to any additional period of disability.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 29th day of August, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE